## CITY OF ALBANY *et al. v.* BROWN *et al.*

1. By the existing laws of Georgia shares of stock in a manufacturing corporation organized under the laws of this State, the property of which lies within the limits of Dougherty county but not within the limits of the City of Albany, and which is required by law to be returned for taxation by its president, is non-taxable by the City of Albany in the hands of residents of that municipality.
2. It was proper to enjoin the levy and collection of the tax, but, as the hearing was in vacation, a judgment granting a permanent injunction should not have been rendered; and the judge having improvidently rendered such a judgment, whereas only a temporary injunction should have been granted, direction is given that it be modified accordingly.

MARCH 13, 1912.

Injunction. Before Judge Frank Park. Dougherty superior court. September 25, 1911.

*James T. Mann,* for plaintiffs in error. *Pope & Bennet,* contra.

ATKINSON, J. The City of Albany sought to tax certain shares of the capital stock of the Planters Oil Mill Company and the Albany Phosphate Company while in the hands of residents of that city. Each of these corporations had its principal office and place of business in Dougherty county, Georgia, but not in the City of Albany. One of them had some taxable property in the city, but the other did not, the principal part of its property being located in Dougherty county outside of the city limits of Albany. The property of these corporations, by sec. 10 of the general tax act of 1909 (Acts 1909, pp. 36-65), was required to be returned for taxation by the presidents of such corporations. The judge at chambers granted an order purporting to permanently enjoin collection of the tax, and the city excepted.

It was held in *Georgia Railroad Co. v. Wright,* 125 Ga. 589 (54 S. E. 52), that at the time of the rendition of that decision, May 24th, 1906, there was no law of force in this State requiring shares of stock in domestic corporations to be returned for taxation by the State, when the president or other officer of the corporation was required to return the property of the corporation either to the comptroller-general or to the tax-receiver of the county. It was said, in the opinion in that case, that a share of stock in a corporation has no inherent or intrinsic value, and, when that which gives it value has been taxed, the General Assembly is not required, under the constitution, to tax it again through the medium of the share-

holder, though the legislature may do so. No law has since been enacted providing for taxation by the State of shares of stock in domestic manufacturing corporations whose property is required by law to be returned for taxes by their presidents. While the State may tax such shares of stock if it desires to do so, the decision in the case of *Georgia Railroad Co.* v. *Wright,* supra, and the statutes therein referred to, and subsequent enactments providing in substance as set forth in section ten of the general tax act of 1909 (Acts 1909, pp. 36-65), indicate the adoption of a policy by the State not to tax them. In the absence of any legislation expressly authorizing it, they would not be taxable. The new charter of the City of Albany is not sufficient for that purpose. It contains the provision: "The taxing power of said city, except as herein limited, shall be as general, complete, and full as that of the State itself" (Acts 1910, p. 316, sec. 23) ; but in view of the policy of the State that shares of stock in manufacturing corporations in this State shall not be taxed through the medium of the shareholder, this provision of the charter of Albany is not to be construed as conferring upon the city power to tax them. It is immaterial that the property of the corporations required by law to be returned for taxation by their respective presidents was, for the most part, without the limits of the City of Albany, and hence not taxable by that municipality—the city being unable to tax such shares of stock at all, because of the power of the legislature to refrain from taxing them, and the policy of the law that they should not be taxed.

An injunction was properly granted against the city, restraining the collection of the municipal tax. The judge, however, was not authorized to grant a permanent injunction in vacation, but the injunction should have been a temporary one; and direction is therefore given that the order be so modified as to make it a temporary instead of a permanent injunction.

　*Judgment affirmed, with direction. All the Justices concur.*