AD VALOREM TAX — TRAILERS AND MOBILE HOMES County Assessors or other appropriate county officers, may cancel ad valorem tax assessments of house trailers and mobile homes entered on the rolls pursuant to 47 O.S. 22.5d [47-22.5d] (1969), between January 1, 1970, and February 23, 1970, except in those instances where licenses and tags have been purchased for such vehicles during such period at fees fixed under the law in effect at the time of purchase and which fees were statutorily declared not to be in lieu of ad valorem taxes. The Attorney General has had under consideration your recent letter in which you state and inquire, in effect, as follows: House Bill 1541, 32nd Oklahoma Legislature, 2nd Session (1970), expressly repealed 47 O.S.Supp. 1969, 22.5d. Several hundred house trailers have been placed on the assessment rolls by county assessors after January 1, 1970, and prior to February 23, 1970, the effective date of House Bill 1541. May county assessors remove from the assessment rolls house trailers assessed for ad valorem taxes between January 1, 1970, and February 23, 1970? Title 47 O.S. 22.5d [47-22.5d] (1969), approved May 8, 1969, provided for the licensing of house trailers in Oklahoma for an annual fee of four dollars, which was not to be in lieu of ad valorem tax. The law contained the emergency clause, and a provision deferring its operational effect until January 1, 1970. The applicant for a license was required to furnish to the Oklahoma Tax Commission, or its tag agent, a County Assessor's certificate showing that the house trailer or mobile home for which the license was sought had been and was currently assessed for ad valorem tax purposes, or had been registered if not then subject to such assessment under the law. House Bill No. 1541, 32nd Oklahoma Legislature, 2nd Session (1970), Section 5, expressly repealed the 1969 enactment. In Section 1, it provided for an annual license fee on house trailers based upon the manufacturer's factory delivered price, and that such fee was in lieu of all ad valorem tax. It was approved by the Governor on February 23, 1970. Since it contained the emergency clause it became effective on said date. Leatherock v. Lawter, 45 Okl. 715, 147 P. 324 (1915). It contains no provision for retroactivity. Any vested or accrued rights or penalties incurred or proceedings begun prior to the effective date are not affected by the repealer pursuant to Article V, Section 54 of the Oklahoma Constitution, which provides: "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute." In Coca Cola Company v. City of Atlanta, 152 Ga. 558,110 S.E. 730 (1922), the Supreme Court of Georgia, in paragraph three of its headnotes, defines a "proceeding" as: " . . . some act, or acts, done in furtherance of the enforcement of an existing right, real or imaginary. It may be by petition in a court of competent jurisdiction, or by a summary remedy prescribed by statute. The assessing of properties for taxation by a municipality in accordance with its ordinance, the issuance of execution upon such assessments when the taxes are not paid as required by law, and the seizure and sale of the property so assessed, under such executions, for the taxes due, constitute a proceeding." In the case of Rice v. United States, 356 F.2d 709, (8th Cir. 1966), the court held: "'proceeding' is a comprehensive term meaning the action of proceeding — a particular step or series of steps, adopted for accomplishing something. This is the dictionary definition as well as the meaning of the term in common parlance. Proceedings before a governmental department or agency simply means proceeding in the manner and form prescribed for conducting business before the department or agency, including all steps and stages in such an action from its inception to its conclusion." Title 68 O.S. 2435 [68-2435] (1969), provides, inter alia, in subparagraph (b): "that the County Assessor shall . . . determine the taxable status of any property which is claimed to be exempt from ad valorem taxation for any reason." Title 68 O.S. 2471 [68-2471] (1969), requires the County Assessor to annually prepare the assessment rolls. It provides, in pertinent part, as follows: "The assessment roll shall be correctly footed and balanced and it shall be the mandatory duty of the County Assessor as outlined under the penalties of Section 2476 of this Code to deliver the completed roll to the County Board of Equalization on or before the fourth Monday in April of each year, in order that said Board may correct, adjust and equalize the taxable value of the property of the county." (Emphasis added) Under 68 O.S. 2459 [68-2459] (1969), the County Board of Equalization is directed to hold sessions to correct, adjust and equalize valuations, etc. of property, real or personal, of any taxpayer, etc., and among other things, under subsection (c), "to cancel assessments of property not taxable." In consequence of the referenced changes in the law and taxing procedures, 1970 licenses and tags for house trailers and mobile homes were issued and sold between December 11, 1969, and January 1, 1970, pursuant to the provisions of 47 O.S. 22.13 [47-22.13] (1961), at the rates then in effect, and "in lieu" of other taxes. Vehicles so licensed are not subject to assessment for ad valorem taxation. It will be extremely difficult, if not administratively impossible, to correct or remedy any misapplication of the pre-1970 rates and procedures in these instances. After January 1, 1970, and prior to February 23, 1970, license and tags were issued and sold at the rate fixed by the 1969 enactment, which required the vehicles so licensed to be placed on the assessment rolls by the County Assessor. These transactions must be deemed to be concluded in compliance with the laws then in effect, hence the assessments should not be canceled, and no remedial action is indicated. If an Assessor has placed any house trailer or mobile home on the assessment rolls during the period between January 1, 1970, and February 23, 1970, but no license or tag was purchased for such vehicle during said period at the rate fixed in the 1969 enactment, the Assessor, or the County Board of Equalization, or the Board of Tax Roll Corrections, shall, under their respective statutory authority, cancel such assessments and strike the same from the tax rolls, upon condition that the taxpayer presents evidence that there has been purchased a license and tag for the house trailer or mobile home involved at the rate fixed by and in compliance with the provisions of House Bill 1541. It is therefore the opinion of the Attorney General that your question be answered in the affirmative, in that County Assessors or other appropriate officers, may lawfully strike from the assessment rolls and shall cancel the assessments of house trailers or mobile homes assessed for ad valorem taxes on or after January 1, 1970, and prior to February 23, 1970, subject to the applicable provisions of the foregoing three paragraphs. (Carl G. Engling)