30737. COBB COUNTY v. ALLEN et al.

HILL, Justice.

Defendants Cobb County and the tax commissioner of Cobb County appeal from a permanent injunction granted to plaintiff taxpayers which enjoined the collection of the county fire tax in an area of the county annexed into the City of Marietta.

Pursuant to a local constitutional amendment (Ga. L. 1937-1938, Ex. Sess., p. 20, as amended by Ga. L. 1952, p. 516), Cobb County passed a resolution in 1974 which was then submitted to the voters establishing a single fire district composed of the entire unincorporated area of the county, excluding only the cities of Marietta, Smyrna, and Austell. At the time the resolution was passed and the question was put to the voters, the plaintiffs' property was in the unincorporated portion of Cobb County.

In August 1975 the plaintiffs' property was annexed into the City of Marietta. As residents of the City of Marietta, plaintiffs are subject to the general tax imposed by the city upon their property, a portion of which goes for fire protection provided by the fire department of the City of Marietta. However, Cobb County contended that the annexation did not change the boundaries of the fire district and that the residents of the annexed area are still subject to the fire tax levied by the county on residents of the county fire district for fire protection provided by the county.

Plaintiffs filed a petition in Cobb Superior Court seeking to enjoin the county from collecting the fire tax from residents who had been annexed into the City of Marietta. After a hearing, the trial court found that the boundaries of the City of Marietta are excluded from the county fire district as the city boundaries may exist from time to time, and granted the permanent injunction. The county appeals.

The law favors expansion of the corporate limits of municipalities. As evidence of this, the General Assembly has prescribed two means for annexation (application and

referendum) but no means for de-annexation.

The law does not favor the duplication of municipal services by a county within a municipality. See Code Ann. § 2-7901 (a) which requires that a county have a contract to provide services within a municipality. Common reason abhors the unnecessary duplication of governmental services. The law, as well as the public, seeks to avoid taxation for the unnecessary duplication of governmental services. "A tax law will not be construed to tax the same property twice, unless such a conclusion is constrained either by the express provisions of the law or by necessary implication." *Coca-Cola Co. v. City of Atlanta,* 152 Ga. 558, 570 (110 SE 730) (1922).

Thus, where a county creates a fire district with its borders adjacent to the limits of a city, and the city expands its limits (as the law favors), authority for duplication of fire protection services by the county in the area annexed, and taxation by the county for such services, will not be presumed. A resolution creating a county fire district will not be construed to authorize the county to collect a fire tax on property annexed into a city unless such conclusion is required either by express provisions of law or by necessary implication.

In the case before us, the county fire district was composed of "all areas in Cobb County, excluding the incorporated area of the cities of Marietta, Austell, and Smyrna." The resolution did not specify "as those cities now exist." The resolution is indefinite as to whether it excluded those cities as they then existed or as they may exist from time to time. Hence the duplication of services and taxation therefor in the annexed area is neither express nor required by necessary implication.

As the dissenting opinion demonstrates, the resolution requires interpretation. Because of the numerous legal considerations involved, we find that the resolution is not to be construed either way depending upon the intent of its drafters, but is to be construed against duplication of services and double taxation and in favor of municipal annexation, unless the contrary clearly appears (in which event interpretation should have been unnecessary).

Upon review of the record and applicable law, we find

no error.

*Judgment affirmed. All the Justices concur, except Ingram and Hall, JJ. who dissent.*

ARGUED FEBRUARY 10, 1976 — DECIDED MAY 17, 1976 — REHEARING DENIED JUNE 8 AND JUNE 23, 1976.

*Awtrey, Parker, Risse, Mangerie & Brantley, A. Sidney Parker, Dana L. Jackel,* for appellant.

*Downey, Cleveland & Moore, Lynn S. Downey,* for appellees.

INGRAM, Justice, dissenting.

At issue in this appeal is the authority of Cobb County to continue levying a tax for county fire protection services in an area of the county annexed into the City of Marietta in 1975. As a result of the 1975 annexation, the area in which plaintiffs reside has become subject to the city's general tax levy which provides funds for fire protection services to all areas within the city.

The parties stipulated, and the trial court found as a matter of fact, that "The area which is the subject matter of this litigation was properly annexed into the City of Marietta subsequent to the creation of a single fire district in Cobb County outside of the then existing corporate boundaries of the cities of Smyrna, Austell and Marietta and was properly located in the Cobb County Fire District prior to the annexation."

The county has been imposing its fire district tax under the authority of a local constitutional amendment (Ga. L. 1937-38 Ex. Sess., p. 20, as amended by Ga. L. 1952, p. 516) which provides in relevant part, "[t]he governing authorities of the County of Cobb shall have authority to establish and administer within the bounds of the County of Cobb districts for fire prevention, and to establish and administer in such districts systems of fire prevention, and to levy taxes or special assessments therefor on property in said districts upon the vote of sixty (60) percent of the qualified voters of said districts voting at a special election . . ."

Pursuant to this constitutional provision the County Board of Commissioners passed a resolution in 1974

calling for a referendum to establish a county fire district composed of "all areas in Cobb County, excluding the incorporated area of the City of Marietta, Austell, and Smyrna." The proposal was approved by the requisite number of voters in November, 1974.

When the county attempted to collect the tax from plaintiffs after the annexation of their property into the City of Marietta, plaintiffs filed this litigation contending that the annexation terminated the county's authority to impose the tax on their property. The trial court upheld the plaintiff's claim on the basis of Code Ann. § 2-7901a. The court held that Code Ann. § 2-7901a prohibits any local government from providing fire protection services inside the boundaries of any other local government except by contract and since such a contract does not exist between the City of Marietta and Cobb County, the county is prohibited from providing the services and imposing the tax in the annexed area. The court also held that the annexation of plaintiff's property into the City of Marietta removed that territory from the county fire district, for "[b]y virtue of § 2-7901a the boundaries of the city are excluded from the fire district as the city boundaries may exist from time to time."

By its own terms Code Ann. § 2-7901a is "[i]n addition to and supplementary of any powers now conferred upon and possessed by any county . . .," and, furthermore, the prohibition against a local government providing certain services within the boundaries of another local government is expressly made subject not only to contracts between local governments but also to "any local or special law." Accordingly, Code Ann. § 2-7901a does not bar Cobb County's authority, under the local constitutional amendment, to levy its fire protection services tax. See *Decatur Tax Payers League v. Adams,* 236 Ga. 871.

The effect of the annexation on the county's authority to impose the tax must, therefore, be determined by reference to the local constitutional amendment and the implementing referendum. Clearly, the amendment constitutes a broad grant of authority which would have permitted the establishment of a fire district composed of the entire county, including all

incorporated areas. Indeed, the trial court found that the district does include the cities of Acworth, Powder Springs and Kennesaw. Consequently the inquiry must focus on the referendum and whether the intention was to exclude from the district the City of Marietta as it existed at the time of the referendum or as it may exist from time to time.

While the Board of County Commissioners' resolution, which called the referendum, recites that the City of Marietta would be excluded from the fire district, the actual proposal submitted to the voters of "[a]ll election districts outside the cities of Austell, Marietta and Smyrna" did not incorporate this language, but rather stated, "[s]hall the governing authority of Cobb County be authorized to establish a single, consolidated district for the purpose of establishing and maintaining a Cobb County fire protection district, all as provided by Art. XI, § I of the Constitution of the State of Georgia." It appears, therefore, that the cities of Marietta, Austell and Smyrna were excluded from the fire district not by operation of the language of the referendum proposal but by the fact that the proposal was not submitted to the voters of those cities. In view of these circumstances, it is difficult to conclude that the voters or the county officials intended the fire district to be automatically affected by future fluctuations in the boundaries of the three cities identified in the resolution. Instead, it would appear that the cities of Marietta, Austell and Smyrna were intended to be excluded from the fire district only as those cities existed at the time of the referendum.

Furthermore, considerations of fiscal planning would militate in favor of the county's sole control of the boundaries of its fire district. Indeed, the legislature, in statutes enacted subsequent to the constitutional amendment but prior to the referendum, seems to have acknowledged the importance of the county's interests in this regard and demonstrated an intention that the county exercise exclusive control of the district's boundaries. Ga. L. 1961, pp. 3407, 3408, § 9 (A), in particular, is addressed to the situation at hand: "[t]he governing authorities shall have the power within their discretion after the establishment of any fire prevention

district to delineate and delete portions of such fire prevention district that may have been encompassed into a municipality subsequent to the creation of such fire prevention district whereby fire protection is provided to the involved area by such municipality, and the further authority to delineate and delete portions of any established, or hereafter established fire prevention district all within the sound discretion of the governing authorities." See also Ga. L. 1955, pp. 2597, 2598, § 1, providing that county authorities may prescribe such boundaries for a fire prevention district from time to time as they shall deem advisable.

This legislation, while not determinative of the issue now before the court, i.e., an interpretation of the referendum, nevertheless, does form a part of the legal background in which the voters and the county authorities acted and it serves to elucidate their intention when forming the fire district. The immediate circumstances of the referendum, described above, together with this legislation all coalesce to indicate that annexations to the cities of Austell, Marietta and Smyrna were not intended by the referendum to alter, ipso facto, the boundaries of the fire district or to affect the authority of the county to impose the fire tax within the annexed area. Consequently, I believe that the trial court erroneously enjoined the county from collecting its fire prevention tax in the area of the fire district annexed into the City of Marietta. In summary, the annexation did not exclude the affected area from the county fire prevention district but the Board of Commissioners of Cobb County is empowered to remove it by appropriate action of the board. Thus, the plaintiffs must plead the merits of their case for tax relief to the board of commissioners, rather than to the court.

I am authorized to state that Justice Hall joins in this dissent.