*John A. Boykin, solicitor-general, J. Walter LeCraw,* and *Quincey O. Arnold,* for defendant.

PERRY *v.* FOLKSTON POWER COMPANY.

No. 11103.   December 12, 1935.

*Wilcox, Connell & Wilcox,* for plaintiff.

*Wilson, Bennett & Pedrick,* for defendant.

GILBERT, Justice. The case is clearly and concisely stated by counsel for the plaintiff in error, as follows: "Folkston Power Company owns and operates an electric plant at Folkston, Georgia, and is engaged in the business of generating, transmitting, and selling electricity for commercial and domestic use. It was originally incorporated in the State of Florida, with all of the powers incident to such corporations organized under the laws of the State of Georgia, and was later domesticated by appropriate proceedings had under the laws of Georgia (Code of 1933, § 22-1601 et seq.). After it was domesticated, to wit, on July 12th, 1935, it gave notice in writing of its intention to condemn and take a tract of land in Folkston, owned by H. C. Perry, for the purpose of being used by it to run its lines of wires and poles and other appliances over the same from its plant in Folkston, in order to distribute electric current generated at its plant to the public. On August 15th, 1935, H. C. Perry, hereinafter referred to as the plaintiff, presented to the judge of the Waycross Judicial Circuit her petition against Folkston Power Company, hereinafter referred to as the defendant, praying that the condemnation proceedings be enjoined. A restraining order was granted, and thereafter the defendant filed a general demurrer to the petition, which was, after hearing, sustained, and the petition was dismissed. To that ruling the plaintiff excepted." The sole question presented for decision is whether or not a foreign corporation, domesticated by appropriate proceedings for that purpose in this State, can exercise the right of eminent domain and condemn and take private property in Georgia for its purposes. The petitioner contends that such a corporation can not exercise the right of eminent domain in this State, unless the power to do so is expressly conferred upon it by the legislature. The Code of 1933, § 36-801, provides: "Any corporation or individual owning or controlling any water power, or location for steam plant hereinafter mentioned, and operating or constructing or preparing to construct thereon a plant or works for generating electricity by water or steam power, to be used for the purpose of lighting towns or cities, or supplying motive power

to railroad or street-car lines, or supplying light, heat, or power to the public, shall have the right to purchase, lease, or condemn rights of way or other easements over the lands of others, in order to run lines of wires, maintain dams, flow back water, or for other uses necessary to said purposes, upon first paying just compensation to the owner of the land to be affected." The defendant contends that since it has become domesticated in Georgia, it has the power to exercise the right of eminent domain. This contention is based on the Code of 1933, § 22-1601, which provides as follows: "All foreign corporations doing business in this State, or which may hereafter do business in this State, and whose business is not against the public policy of this State, shall have the power to become domesticated in the manner hereinafter pointed out; and upon becoming domesticated such corporations and the stockholders thereof shall have the same powers, privileges, and immunities as similar corporations created under the laws of this State, and the stockholders thereof have, subject to the same obligations, duties, liabilities, and disabilities as if originally created under the laws of this State, and shall no longer have that power of removing causes to the United States courts which inheres in foreign corporations." The law of this State is as provided in the Code of 1933, § 22-1601. It is only in the construction of that section that we disagree with counsel for the plaintiff. In our opinion a strict construction requires an affirmance of the judgment. In other words, that section, under a proper construction, is an express grant of the power of eminent domain to corporations falling within the provisions of the Code of 1933, § 36-801, chartered in another State but domesticated in this State. Nothing in *Chestatee Pyrites Co.* v. *Cavenders Creek Gold Mining Co.,* 119 *Ga.* 354 (46 S. E. 422, 100 Am. St. R. 174), or in *Rogers* v. *Toccoa Power Co.,* 161 *Ga.* 524 (3) (131 S. E. 517, 44 A. L. R. 534), is contrary to what is here ruled. The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*