27888. HEAD, revenue commissioner, *v.* RICH.

DECIDED NOVEMBER 15, 1939. REHEARING DENIED DECEMBER 8, 1939.

*B. B. Zellars, assistant attorney-general, Claude Shaw,* for plaintiff in error.

*Hirsch & Smith, E. Clem Powers, Louis Regenstein Jr., M. E. Kilpatrick,* contra.

SUTTON, J. Rich's Inc., a foreign corporation, was duly domesticated under the laws of Georgia, prior to January 1, 1938, as provided by the Code, § 22-1601 et seq. The defendant in error was the owner of certain shares of stock in said corporation on January 1, 1938, which the State Revenue Commissioner assessed for taxes, under the intangibles tax act (Ga. L. 1937-1938, Ex. Sess., pp. 156, 162), for the year 1938. On a petition for review the Board of Tax Appeals of the State of Georgia held that the assessment made by the State Revenue Commissioner on the stock in question was unauthorized under the law and that the stock was not subject to be taxed under the intangibles tax law. This holding was affirmed by a judgment of the superior court and the State Revenue Commissioner excepted.

The sole question for determination is whether or not the stock of a foreign corporation, duly domesticated in Georgia under the

law of Georgia relating to domestication, and which corporation has paid in Georgia all taxes as provided by Georgia law, is subject to the Georgia intangibles tax act of 1937. The domestication statute, Code, § 22-1601, provides: "All foreign corporations doing business in this State, or which may hereafter do business in this State, and whose business is not against the public policy of this State, shall have the power to become domesticated in the manner hereinafter pointed out; and upon becoming domesticated such corporations and the stockholders thereof shall have the same powers, privileges, and immunities as similar corporations created under the laws of this State, and the stockholders thereof have, subject to the same obligations, duties, liabilities, and disabilities as if originally created under the laws of this State." Section 7 of the intangibles tax act (Ga. L. 1937-1938, Ex. Sess., p. 163) provides: "The stock of corporations organized under the laws of the State of Georgia is also exempt from said tax if such corporation pays all taxes in Georgia as now provided for by law." The stipulation of facts upon which the case was tried states that Rich's Inc. is a foreign corporation duly domesticated under and in accordance with the laws of the State of Georgia relating to domestication of foreign corporations, and that it has paid all taxes in Georgia as now provided by law, and that the stock sought to be subjected to the intangibles tax was owned by the defendant in error on January 1, 1938.

Prior to the act of 1885, stock in a foreign corporation held by a resident of Georgia was not taxable in this State, as held in *Wright* v. *Southwestern R. Co.,* 64 *Ga.* 783, 800; but under the acts of 1884-1885, p. 30, all stock in corporations in this State or other States, owned by citizens of this State, was subject to taxation here. See *Georgia Railroad & Bkg. Co.* v. *Wright,* 124 *Ga.* 596 (3) (53 S. E. 251). This law was changed by the tax acts of 1886 and 1888, as held in *Georgia Railroad & Bkg. Co.* v. *Wright,* 125 *Ga.* 589 (54 S. E. 52), by exempting shares of stock in domestic corporations from taxation where the property of the corporation was taxed in this State. It was said by the Supreme Court in that case: "The taxation of both the property of a corporation in the hands of the corporation, and the value of the shares in the hands of the shareholders, is manifestly an instance where the same property is twice taxed. It is double taxation in a sense,

but not that species of double taxation which would be void. It is permissible, but not compulsory." It was also held in that case that the action of the General Assembly in exempting shares of stock in domestic corporations from taxation, where the property of such corporations is taxed in the hands of the corporation, was not a violation of the provisions of the constitution of Georgia which require that protection to property shall be impartial and complete and that all taxation shall be uniform upon the same class of subjects and ad valorem on all property subject to be taxed within the territorial limits of the taxing authority. This decision of the Supreme Court decides adversely to the contentions of the plaintiff in error in the present case, that the exemption of stock in corporations organized under the laws of this State, as contained in the intangibles tax act of 1937 (Ga. L. 1937-1938, Ex. Sess., p. 156), is void and unconstitutional.

Until the enactment of the domestication statute in 1920, the stock of a foreign corporation was taxable in this State. That act, as amended in 1926, Code, § 22-1601, provided for the domestication of foreign corporations and that "upon becoming domesticated such corporations and the stockholders thereof shall have the same powers, privileges, and immunities as similar corporations created under the laws of this State, and the stockholders thereof have, subject to the same obligations, duties, liabilities, and disabilities as if originally created under the laws of this State." The procedure for domesticating a foreign corporation under the laws of Georgia is identical with that for the organization or creation of a domestic corporation. See Code, §§ 22-1602 et seq. It was held in *Perry* v. *Folkston Power Co.,* 181 *Ga.* 527 (183 S. E. 58), that a foreign corporation owning or controlling water power in this State, when domesticated under the laws of Georgia, could exercise the right of eminent domain in this State for the purposes mentioned in the Code, § 36-801. A foreign corporation without being so domesticated had no such right here.

.It is argued by counsel for defendant in error, and we think aptly so, that if a foreign corporation by domesticating in this State becomes entitled to exercise the right of eminent domain, which was granted only to corporations chartered by the State, a foreign corporation domesticated in this State is entitled, with its stockholders, to the same immunity from taxes granted to a domestic

corporation and its stockholders. The intangibles tax act does not expressly or by implication repeal or modify the domestication statute. It makes no express reference to it, nor is it in conflict therewith or repugnant thereto. Under the latter statute stockholders in domesticated corporations shall have the same powers, privileges, and immunities as stockholders in corporations created under the laws of this State, and under the intangibles tax act the stock of corporations organized under the laws of this State is exempt from taxation, if such corporation pays all taxes in Georgia as now provided by law. According to the stipulation of facts in this case, Rich's Inc. has paid all taxes in Georgia as now provided for by law. So, we are of the opinion and hold that where a foreign corporation is duly domesticated under the laws of Georgia, and such corporation pays all taxes in Georgia as now provided for by law, the stock in such corporation is not subject to taxation under the intangibles tax law above referred to, but is exempt therefrom the same as stock in corporations organized under the laws of this State.

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., dissents.*

FELTON, J., dissenting. I am of the opinion that the General Assembly is without authority to exempt the stockholders of a corporation, organized originally in this State, from taxation, unless it does so for the purpose of relieving such stockholders from the burden of double taxation and unless such exemption actually has this effect. Code, §§ 2-5002, 2-5003, 2-5005. Unless such an attempted exemption has the above purpose and effect, it would be discriminatory against the stockholders of foreign corporations residing in the State. It follows that any act of the General Assembly exempting from taxation stockholders of corporations organized originally in Georgia must be construed to mean that it applies to stockholders in corporations which pay such taxes to the State of Georgia as would make it double taxation to tax the stockholders on their stock in addition to such taxes on the corporation; and that is the meaning of the ruling in *Georgia Railroad &c. Co.* v. *Wright,* 125 *Ga.* 589 (supra). If an exemption statute is construed to mean that the stockholders of a corporation organized originally in Georgia are exempt from taxation on the stock in such corporation simply because it pays what taxes it owes the State, regardless of whether the amount of taxes it pays amounts to double

taxation of the stockholder, I think it is unconstitutional as applied to a stockholder of a corporation which does not pay such taxes on its property to the State as to make the taxation of the stock double taxation. The General Assembly can not exempt the stockholders of domesticated corporations if it can not exempt the stockholders of corporations originally organized in Georgia of the same class and kind and if it meant that the same exemption should apply to stockholders of domesticated corporations it could mean no more than the like exemption granted to the local corporations. It may be that under my interpretation of the exemption statutes, Rich's Inc.'s stockholders are entitled to the exemption but the record does not show what taxes the corporation paid. It simply shows that it paid all taxes due the State. While this is the language of the act, if it is to be constitutional it must be given the construction that the taxes referred to are such taxes as will make the taxation of the stock double taxation. This court can not take judicial notice of the fact that Rich's Inc. paid such taxes. The effect of the majority opinion in this case will be to exempt the stockholders of every domesticated corporation and every corporation organized originally in Georgia, regardless of how little property each owns in Georgia and of how insignificant a sum each pays in taxes to Georgia, simply because each pays to Georgia the taxes required by law. Under the holding of the majority a stockholder of a Georgia corporation, or a domesticated corporation, would be exempt in a case where the corporation owned a hundred dollars worth of taxable property in Georgia and fifty million dollars worth outside of Georgia, if it paid to Georgia the taxes the law requires it to pay on the one hundred dollars worth in the State. I do not think that such an exemption is constitutional, and therefore I must dissent from the ruling which gives to such exemption statute what I consider an unconstitutional construction. If such a construction must be made, its constitutionality should be inquired into by the proper forum.