HEAD, revenue commissioner, <em>v.</em> RICH.

No. 13212. JULY 13, 1940. REHEARING DENIED JULY 24, 1940.

*Ellis G. Arnall, attorney-general, B. B. Zellars* and *Claude Shaw, assistant attorneys-general,* for plaintiff in error.

*Hirsch, Smith & Kilpatrick, E. Clem Powers,* and *Louis Regenstein Jr.,* contra.

BELL, Justice. · By an act approved December 27, 1937, the General Assembly laid a tax on intangible property at rates specified. Section 7 relating to exemptions declared: "The stock of corporations organized under the laws of this State [is] also exempt from said tax if such corporation pays all taxes in Georgia as now provided by law." Ga. L. Ex. Sess., 1937-1938, pp. 156, 163; Code Ann., Pocket Part, § 92-131. We are concerned here with the meaning and applicability of this section as related to stock owned by a resident of this State, in a domesticated foreign corporation. The case came to this court from the Court of Appeals, on the grant of certiorari. *Head v. Rich,* 61 *Ga. App.* 293 (6 S. E. 2d, 73). The facts were substantially as follows: Rich's Inc., a foreign corporation, was duly domesticated under the law of Georgia (Code, §§ 22-1601-22-1609) before January 1, 1938.

Miss Rose Rich, a resident of Georgia, owned stock in the corporation on that date, which the State revenue commissioner assessed for taxation for the year 1938, under the intangibles act. On petition for review, the board of tax appeals ruled in favor of the taxpayer. This ruling was affirmed by the superior court, and the revenue commissioner excepted. The case was tried on a stipulation of facts which showed that the corporation was a duly domesticated foreign corporation, and "has paid all taxes in Georgia as now provided by law." The Court of Appeals held, with the board and with the superior court, that under these facts the stock was not subject to the tax claimed.

We think the case was decided correctly by the Court of Appeals; and although we have carefully examined the briefs and the authorities cited, we do not deem it necessary to enlarge to any great extent upon the decision of that court. The law in reference to domestication of foreign corporations provides that on becoming domesticated "such corporations and the stockholders thereof shall have the same powers, privileges, and immunities as similar corporations created under the laws of this State, and the stockholders thereof have, subject to the same obligations, duties, liabilities, and disabilities as if originally created under the laws of this State." Code, § 22-1601. Under this law, a person holding stock in a domesticated foreign corporation would be subject to the same liability and entitled to the same immunity as prescribed by the intangibles-tax act in reference to an owner of stock in a domestic corporation. Accordingly, if such foreign corporation "pays all taxes in Georgia which is now provided for by law," its stock is "exempt" from the tax on intangibles, in the same manner and to the same extent, as is the stock of a Georgia corporation. Compare *Perry* v. *Folkston Power Co.*, 181 *Ga.* 527 (183 S. E. 58). The question is solely one of construction, it being stated in effect both in the petition for certiorari and in the brief that the only matter for determination is whether the stock of a domesticated foreign corporation which has paid in Georgia all taxes as "provided for" by Georgia law is subject to be taxed under the provisions of the intangibles-tax act. It is further stated, however, that the Court of Appeals overlooked several statutes and decisions; and it is specially urged that the court erred in failing to take into consideration the fact that no evidence was introduced by either party

tending to show that all of the property of such foreign corporation was located within the State of Georgia. The argument is that the stock in a domestic corporation is made exempt only upon condition that the corporation itself pays taxes in the State of Georgia upon all of its property (cf. *Georgia Railroad &c. Co.* v. *Wright,* 125 *Ga.* 589 (10) (54 S. E. 52)), and therefore the holder of stock in a domesticated corporation, in order to claim the exemption, must show not only that the corporation has paid all taxes due to the State of Georgia, but must go further and show that all of the property from which the stock derives its value has been taxed; in other words, that, even though such stockholder shows that the State has received all taxes due to it by the corporation, he still does not carry the burden of showing that all of the property on which his stock is based has paid a tax to this State, "unless and until he shows that all of the property of said corporation is located within the State."

We can not agree that this is a correct interpretation of the statute. We are not unmindful of the rule that exemptions from taxation are to be construed strictly against the taxpayer and liberally in favor of the public. This rule, however, can not be pushed to the extent of unreasonableness; and it is the duty of the court to ascertain and carry out the intention of the legislature, where only a question of construction is involved. *Mayor &c. of Macon* v. *Central Railroad &c. Co.,* 50 *Ga.* 621; *City of Columbus* v. *Muscogee Mfg. Co.,* 165 *Ga.* 259 (149 S. E. 860). It is insisted that the construction placed upon this statute by the Court of Appeals, if sustained, would render it unconstitutional for several reasons; and we are reminded of the principle that if a statute is reasonably susceptible of two constructions, one of which would harmonize it with the constitution and the other would render it unconstitutional, the former is generally to be preferred. *Georgia Fire Insurance Co.* v. *Cedartown,* 134 *Ga.* 87 (2 *a*) (67 S. E. 410, 19 Ann. Cas. 954); *Fordham* v. *Sikes,* 141 *Ga.* 469 (*a*) (81 S. E. 208). As we view the statutes here under consideration, there is no obscurity as to the intent and purpose of the General Assembly, and consequently there is no occasion to apply the rule in favor of a constitutional construction as in cases of statutes susceptible of more than one interpretation. *Neal* v. *Moultrie,* 12 *Ga.* 104, 110; *Georgia Casualty Co.* v. *Jones,* 156 *Ga.* 664, 666

(119 S. E. 721). It is only in this indirect way that any constitutional question comes to notice in this case, because there is no direct attack upon the constitutionality of any statute, and the case reaches this court by certiorari to review a decision of the Court of Appeals, which would not have had jurisdiction if the constitutionality of any law of this State had been drawn in question. Code, § 2-3005. Such being the case before us, and the intent of both statutes as written being plain, no question arises, either directly or indirectly, as to the constitutionality of such statutes or either of them, and consequently no such question will or should be discussed in this opinion. On the general subject see Klein v. Board of Tax Supervisors, 281 U. S. 19 (51 Sup. Ct. 15, 75 L. ed. 140, 73 A. L. R. 679, note); McCarroll v. Gregory-Robinson-Speas Inc., 178 Ark. 235 (129 S. W. 2d, 254, 122 A. L. R. 977); Curry v. McCanless, 307 U. S. 357 (59 Sup. Ct. 900, 83 L. ed. 1339, 123 A. L. R. 162); Lee v. State Tax Commission, 219 Ala. 513 (123 So. 6); Commonwealth v. Ledman, 127 Ky. 603 (106 S. W. 247).

The provision of the intangibles-tax act, that the stock of corporations organized under the laws of this State is exempt from the tax "if such corporation pays all taxes in Georgia as now provided by law," clearly means that such stock is exempt if the corporation pays all taxes required of it by the laws of this State; and so the stock of a domesticated corporation will be exempt in like manner if such corporation pays all taxes required of it by the laws of Georgia. The stipulation on which the case was tried showed that such condition had been met by the corporation; and therefore, under the terms of the statute as applied to the facts, the shares of stock were exempt from taxation for the year in question. This conclusion is not opposed to the decisions in *Georgia Railroad &c. Co.* v. *Wright,* 125 *Ga.* 589 (54 S. E. 52), *Coca-Cola Co.* v. *Atlanta,* 152 *Ga.* 558 (110 S. E. 730), and *Elder* v. *Home Building & Loan Association,* 188 *Ga.* 113 (3 S. E. 2d, 75, 122 A. L. R. 738).

*Judgment affirmed. All the Justices concur.*