FORRESTER, revenue commissioner, *v.* INTERSTATE
HOSIERY MILLS INC.

No. 14160.  NOVEMBER 12, 1942.

*Ellis G. Arnall, attorney-general, Andrew J. Tuten, assistant attorney-general,* and *Claude Shaw,* for plaintiff.

*Farkas & Burt,* for defendant.

HEWLETT, Justice. Upon the overruling of the demurrer to the affidavit of illegality it was permissible to bring the case immediately to the Supreme Court. *Chattooga County* v. *Glenn, 29 Ga. App.* 114; *Miles* v. *Swift,* 38 *Ga. App.* 42. It is only necessary to decide the third ground of the affidavit of illegality, which makes the issue whether a domesticated foreign corporation was subject for the year 1940 for occupational taxes to which domestic corporations were subject. A domesticated foreign corporation was not subject to taxes chargeable to corporations created under the laws of Georgia. This question was correctly decided in *Forrester* v. *Continental Gin Co.,* 67 *Ga. App.* 119 (19 S. E. 2d, 807). Certiorari was denied May 19, 1942. The decision of the Court of Appeals enters fully into a history of the legislation which provides for the domestication of foreign corporations, and with the legislation providing for occupational taxes for domesticated foreign corporations and foreign corporations. See generally Code, §§ 22-1601 to 22-1609, inclusive. Section 22-1601 provides: "Upon becoming domesticated such corporations and the stockholders thereof shall have the same powers, privileges, and immunities as similar corporations created under the laws of this State, and the stockholders thereof have, subject to the same obligations, duties, liabilities, and disabilities as if originally created under the laws of this State, and shall no longer have that power of removing causes to the United States courts which inheres in foreign corporations." The plaintiff in error contends that the effect of domestication under the Georgia statute is to create the corporation a corporation of this State, just as if it had been otherwise incorporated under the laws of this State.

The effect of the domestication statute was construed by the Federal Judge of the Southern District of Georgia, on an application for removal by a domesticated foreign corporation. The decision by Judge Barrett in Foy & Shemwell *v.* Georgia-Alabama Power Co., D. C., 298 Fed. 643, 646, held: "This act did not create a Georgia corporation. While domestication is different from license (*Angier* v. *East Tennessee etc. R. Co., 74 Ga.* 634), it is not of itself equivalent to incorporation. If incorporation, as distinguished from domestication, was in contemplation, that portion of the act would necessarily be unconstitutional, because not indicated in the caption as required by our State constitution (article 3, section 7, paragraph 8), that 'no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title.' Throughout the act the accomplishment is domestication and not incorporation. . . The domestication shall extend only to the duration of the original charter of said foreign corporation." The acts imposing occupational taxes upon corporations sustain the view of Judge Barrett, and did not until 1941 exact from domesticated corporations occupational taxes on the same basis as corporations organized under the laws of Georgia, but rendered them liable as in the case of corporations organized under the laws of other States. The act of 1929 (Ga. L. 1929, p. 84), in the imposition of occupational taxes, makes the distinction only between corporations "incorporated under the laws of Georgia" and those "incorporated or organized under the laws of any other State," no reference being made to domesticated corporations. Thus it will be seen that under this act of 1929 domesticated corporations must be taxed under the laws applicable to foreign corporations. The same is true in the act of 1931 (Ga. L. Ex. Sess. 1931, p. 76), where provision is made for occupational taxes (paragraph 44 of section 1) for corporations incorporated under the laws of Georgia, and in paragraph 45 of section 1 for occupation taxes for "all corporations incorporated or organized under the laws of any other State." In the general tax act of 1935 (Ga. L. 1935, p. 11), it was provided in paragraph 43 of section 2: "All corporations incorporated under the laws of Georgia, except those that are not organized for pecuniary gain or profit and domesticated foreign corporations, in addition to all other taxes now required of them by law, are hereby required to

pay each year an annual license or occupation tax as specified in the following scale." Paragraph 44 of section 2 provides for the occupational taxes to be imposed on "all corporations incorporated or organized under the laws of any other State." In the act of 1941 (p. 204), amending the general tax act of 1935, supra, it was provided in section 1 that paragraph 43 of the act be so amended as to read: "All corporations incorporated under the laws of Georgia, except those that are not organized for pecuniary gain or profit, and domesticated foreign corporations, in addition to all other taxes now required of them by law," etc. From the above it is apparent that when the act of 1929 was passed, the domestication statute being already in effect, the legislature classified corporations to be taxed for the privilege of doing business in this State as "(1) all corporations incorporated under the laws of Georgia, and (2) all corporations incorporated or organized under the laws of any other State." By the act of 1935, supra, the legislature declared that "all corporations incorporated under the laws of Georgia, except those that are not organized for pecuniary gain or profit and domesticated foreign corporations," should pay occupation taxes, etc. The plaintiff in error seeks to have this court insert a comma, and thereby change not only the act in its meaning, but establish a system of classification which the legislature had declined to do for many years.

The language of the act of 1935 is clear, and is consistent with previous legislative history. It is fundamental that where the provision of a statute is clear and unambiguous, it must be taken to mean what has been clearly expressed, and no occasion for construction exists. The decisions cited in *Forrester* v. *Continental Gin Co.*, supra, sustain this position. Further, in the act, by placing a comma after the word "profit" is shown the intention of the legislature on the subject.

"If it can be gathered 'from a subsequent statute in pari materia what meaning the legislature attached to the words of a former statute, this will amount to a legislative declaration of the meaning, and will govern the construction of the first statute.'" *Barron* v. *Terrell*, 124 *Ga.* 1077, 1079 (53 S. E. 181); *Wingfield* v. *Kutres*, 136 *Ga.* 345, 349 (71 S. E. 474).

Furthermore, statutes imposing taxes are in case of doubt to be construed in favor of the taxpayer. In *Mystyle Hosiery Shops*

v. *Harrison,* 171 *Ga.* 430 (155 S. E. 765), it was held: " 'Statutes which impose restrictions upon trade or common occupations, and which levy an excise or tax upon them, must be construed strictly;' 'statutes levying duties or taxes upon subjects or citizens are to be construed most strongly against the government and in favor of their subjects or citizens, and their provisions are not to be extended, by implication, beyond the clear import of the language used;' 'revenue laws are neither remedial statutes nor laws founded upon any permanent public policy, and are not, therefore, to be liberally construed; and hence, whenever there is a just doubt, that doubt should absolve the taxpayer from his burden.' *Mayor &c. of Savannah* v. *Hartridge,* 8 *Ga.* 23." Citing *Standard Oil Co.* v. *Swanson,* 121 *Ga.* 412, 414 (49 S. E. 262).

The court did not err in overruling the demurrer to the affidavit of illegality. *Judgment affirmed. All the Justices concur.*