31534. MITCHELL *et al.* v. UNION BAG & PAPER
CORPORATION.

DECIDED MARCH 21, 1947.

*L. A. Hargreaves, Franklin, Eberhardt & Barham,* for plaintiffs in error.

*Abrahams, Bouhan & Lawrence, G. W. Williams,* contra.

SUTTON, P. J. (After stating the foregoing facts.) 1. The controlling issue in this case is whether or not a foreign corporation transacting business in this State is subject to attachment under the provisions of the Code, § 8-108, after such corporation has been duly domesticated under the provisions of § 22-1601 et seq. It appears from the pleadings and evidence that the defendant was chartered under the laws of New Jersey. On January 18, 1937,

the defendant corporation was duly domesticated in this State by an order or judgment of the Superior Court of Chatham County. The plaintiffs, on October 5, 1946, caused an attachment to be is-. sued and levied on certain personal property of the defendant, which attachment was returnable to the Superior Court of Atkinson County. Of course, the attachment in this case would not have been legally sustainable against a corporation chartered under the laws of this State.

The plaintiffs contend that the defendant was liable to attachment under the provisions of the Code, § 8-108, which provides: "Attachments may issue against non-resident corporations transacting business within the State, under the same rules and regulations as are prescribed in relation to issuing attachments and garnishments in other cases." The defendant contends that, under the provisions of the Code, § 22-1601—which provides, in part: "All foreign corporations doing business in this State, or which may hereafter do business in this State, and whose business is not against the public policy of this State, shall have the power to become domesticated in the manner hereinafter pointed out; and upon becoming domesticated such corporations and the stockholders thereof shall have the same powers, privileges, and immunities as similar corporations created under the laws of this State, and the stockholders thereof have, subject to the same obligations, duties, liabilities, and disabilities as if originally created under the laws of this State"—the attachment was improper and should be dismissed, since a domestic corporation would not have been liable to attachment proceedings under the same or similar circumstances.

Whether or not the defendant was liable to the attachment proceedings, under the pleadings and facts of this case, must be determined by a proper construction or application of the statutes above mentioned, each of which is contained in the Code of 1933. It is well-settled law that the adoption of the Code of 1933 (Ga. L. 1933, p. 84) amounted to a re-enactment of each section as contemporary statutes of the State, and that each section should be dealt with as though it were contained in the same act of the legislature and should be construed as if it was a separate paragraph of the same statute. It is the duty of the court, where possible, to give an act such construction as will give full force and effect to all of its provisions. Code sections relating to the same subject-mat-

ter and codified at the same time should be construed, if possible, to harmonize with each other, and that construction should be adopted which will prevent a contradiction by one section of the other, so that both will be operative. *Daniel* v. *Citizens & So. Nat. Bank of Atlanta,* 182 *Ga.* 384, 395 (185 S. E. 696), and citations. In construing and applying the above-mentioned Code sections, it must be remembered that "the attachment process, being unknown to the common law, should be strictly construed and pursued; especially as to non-resident debtors." *Mills* v. *Findlay,* 14 *Ga.* 230 (3).

A foreign corporation domesticated under the Georgia Statute remains a foreign corporation, but, by virtue of such domestication, is invested with certain powers, privileges, and immunities that it did not theretofore have. Code, § 22-1601; *Forrester* v. *Continental Gin Co.,* 67 *Ga. App.* 119, 124 (19 S. E. 2d, 807); *Perry* v. *Folkston Power Co.,* 181 *Ga.* 527 (183 S. E. 58); *Head* v. *Rich,* 61 *Ga. App.* 293 (6 S. E. 2d, 73), affirmed by the Supreme Court, 190 *Ga.* 680 (10 S. E. 2d, 183). While the authorities from other jurisdictions are in conflict, we think that the better rule is that a domesticated corporation is to be regarded as a domestic corporation for purposes of suit in the courts of the domesticating State. "It is the general rule that a foreign corporation which has become domesticated is a domestic corporation of the adopting State for all suit purposes in the State courts, but that it remains a citizen of the State of its creation for purposes of jurisdiction, removal, and venue in the Federal courts. . . Thus, where a foreign corporation has become fully domesticated by or under the laws of another State, it is not liable to attachment as a non-resident of such State, though, of course, it is liable to attachment for any of those causes for which a domestic corporation would be liable to attachment." 17 Fletcher, Cyclopedia of Corporations (Perm. Ed.), 63, 67, § 8311. Also see Stonega Coke & Coal Co. *v.* Southern Steel Company, 123 Tenn. 428 (131 S. W. 988, 31 L. R. A. (N. S.) 278); Burgin Bros. & McCane *v.* Barker Baking Co., 152 La. 1075 (95 So. 227); Chas. Friend & Co. *v.* Goldsmith & S. Co., 307 Ill. 45 (138 N. E. 185); Sinclair Refining Co. *v.* Bounds, 198 Ark. 149 (127 S. E. 2d, 629); DuPont Engineering Co. *v.* John P. Harvey Construction Co., 156 Va. 582 (158 S. E. 891).

Since a domestic corporation would not have been liable to at-

tachment under the facts disclosed in the present case, we think that the defendant, as a domesticated corporation vested with "the same powers, privileges, and immunities as similar corporations created under the laws of this State," was not liable to attachment and that the judge did not err in overruling the plaintiffs' demurrer to the defendant's plea and motion and, under the facts of this case, in thereafter sustaining the defendant's plea to the jurisdiction and motion to dismiss and dismissing the case.

The cases cited and relied on by the plaintiffs in error are distinguishable on their facts from the present case and do not authorize or require a different ruling from the one made. *Forrester* v. *Continental Gin Co.,* supra, and *Forrester* v. *Interstate Hosiery Mills,* 194 *Ga.* 863 (23 S. E. 2d, 78), dealt with the express provisions of a tax statute which classified corporations into two classes, those "incorporated under the laws of Georgia" and those "incorporated or organized under the laws of any other State," and the question of residence or non-residence for suit purposes was not involved. The case of Foy & Shemwell *v.* Georgia-Alabama Power Co., 198 Fed. 643, dealt with the citizenship of the corporation within the meaning of the Federal statutes relating to removal of causes on the ground of diversity of citizenship, which is not involved in the present case. The Mississippi statute dealt with in Southern Motor Express Co. *v.* Magee Truck Lines, 181 Miss. 223 (177 So. 653, 114 A. L. R. 1377), was materially different from the one here involved, in that the Mississippi statute did not purport to vest the domesticated corporation with all the immunities vested in a domestic corporation. Moreover, the construction placed on a statute by the appellate courts of another State, while persuasive, is not controlling on this court in construing a similar statute of this State.

We are of the opinion that, under a proper construction of the statutes involved in this case, where a corporation chartered under the laws of another State becomes domesticated in this State, it cannot thereafter be treated as a non-resident within the meaning of the attachment laws of this State, and we so hold.

*Judgment affirmed. Felton and Parker, JJ., concur.*