REDWINE, State Revenue Commissioner, *v.* THE SOUTHERN COMPANY.

HAWKINS, Justice. 1. While domestication of a foreign corporation doing business in this State under the provisions of the Code, § 22-1601 et seq., is not equivalent to incorporation, and does not create a Georgia corporation (Foy & Shemwell *v.* Georgia-Alabama Power Co., 298 Fed. 643; *Forrester* v. *Continental Gin Co.*, 67 *Ga. App.* 119, 19 S. E. 2d, 807; *Forrester* v. *Interstate Hosiery Mills,* 194 *Ga.* 863, 23 S. E. 2d, 78), this Code section does provide that a foreign corporation so domesticated, and its stockholders, shall have the same powers, privileges, and immunities as similar corporations created under the laws of this State, and be subject to the same obligations, duties, liabilities, and disabilities as if originally created under the laws of this State (*Perry* v. *Folkston Power Co.,* 181 *Ga.* 527, 529, 183 S. E. 58; *Head* v. *Rich,* 61 *Ga. App.* 293, 6 S. E. 2d, 73; *Head* v. *Rich,* 190 *Ga.* 680, 10 S. E. 2d, 183); and when so domesticated, such corporation becomes a resident within the jurisdiction of this State. *Mitchell* v. *Union Bag & Paper Corp.,* 75 *Ga. App.* 15 (42 S. E. 2d, 137).

2. While it is the rule that exemptions from taxation are to be strictly construed against the taxpayer, and liberally in favor of the public (*Rayle Electric Membership Corp.* v. *Cook,* 195 *Ga.* 734, 25 S. E. 2d, 574), this rule should not be pushed to the extent of unreasonableness.

*City of Columbus* v. *Muscogee Mfg. Co.,* 165 *Ga.* 259 (140 S. E. 860); *Head* v. *Rich,* 190 *Ga.* 680, 682 (supra).

3. Article 7, section 1, paragraph 4 of the 1945 Constitution of Georgia (Code, Ann., § 2-5404), and the enabling act passed by the General Assembly in 1946 (Ga. L. 1946, p. 12, Code, Ann. Supp., § 92-130), providing that, "There shall be exempt from all ad valorem intangible taxes in this State, the common voting stock of a subsidiary corporation not doing business in this State, if at least ninety percent of such common voting stock is owned by a Georgia corporation with its principal place of business located in this State and was acquired or is held for the purpose of enabling the parent company to carry on some part of its established line of business through such subsidiary," applies to a domesticated foreign corporation as fully and as completely as it does to a corporation created under the laws of this State, for a foreign corporation domesticated in this State is entitled, with its stockholders, to the same immunity from taxation granted to a domestic corporation and its stockholders. *Head* v. *Rich,* 61 *Ga. App.* 293 (supra); *Head* v. *Rich,* 190 *Ga.* 680 (supra). Such a construction of this provision of the Constitution and statute is not, as contended by the plaintiff in error, violative of the constitutional provision that "All laws exempting property from taxation, other than the property herein enumerated, shall be void," for the reason that such construction does not have the effect of "exempting property from taxation other than the property herein enumerated," but simply exempts the same property therein enumerated whether owned by a Georgia corporation or a domesticated foreign corporation. To so construe this constitutional exemption as to confine its application to property owned by a Georgia corporation, and to deny its application to the same class or species of property when owned by a domesticated foreign corporation, would be to offend those provisions of the Constitution of Georgia which require that protection to person and property shall be impartial and complete (Code, Ann., § 2-102), and that all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax (Code, Ann., § 2-5403), and of that provision of the Fourteenth Amendment to the Constitution of the United States which declares that no State shall deny to any person within its jurisdiction the equal protection of the laws. Code, § 1-815. Hanover Insurance Co. *v.* Harding, 272 U. S. 494 (5) (47 Sup. Ct. 179, 71 L. ed. 372, 49 A.L.R. 713).

4. What is here held is not in conflict with the decisions of this court in *Georgia Railroad & Banking Co.* v. *Wright,* 125 *Ga.* 589 (54 S. E. 52), and *Coca-Cola Co.* v. *Atlanta,* 152 *Ga.* 558 (110 S. E. 730, 23 A. L. R. 1339), for in those cases this court was dealing with the right of the General Assembly to make different classifications of stocks of domestic and foreign corporations for the purpose of taxation, when owned by residents of this State, and not with the question of exempting certain property when owned by one class of corporations, and taxing the same kind of property when owned by another class of corporations, where under the law the corporations of both classes were clothed with the same powers, privileges, and immunities, and subject to the same obligations, duties, liabilities and disabilities.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., who dissent. Head, J., concurs specially.*

ATKINSON, P. J., and WYATT, J., dissenting. We dissent for the reason that we do not think that this is a proper case for the application of the declaratory judgment statute.

HEAD, J., concurring specially. The petition in this case does not show a "justiciable controversy." See *Brown* v. *Lawrence*, 204 *Ga.* 788 (51 S. E. 2d, 651). However, this deficiency was not attacked by demurrer, and I therefore concur in the judgment of affirmance.

No. 16885. JANUARY 12, 1950.

*Eugene Cook, Attorney-General,* and *Martin H. Peabody, Assistant Attorney-General,* for plaintiff in error.

*MacDougald, Troutman, Sams & Schroder, Dan MacDougald,* and *Gilmer A. MacDougald,* contra.