## 55591. IMAGE MILLS, INC. v. VORA et al.

SMITH, Judge.

Image Mills, appellant, and Vora and Cromwell, appellees, moved for summary judgment on the issues made by appellees' attachment affidavit and appellant's traverse to that affidavit. The trial court granted appellees' motion, and we affirm.

1. Appellant is a North Carolina corporation authorized to transact business in Georgia by virtue of its having acquired a certificate of authority pursuant to Ga. L. 1968, pp. 565, 707 (Code Ann. § 22-1401). Appellant contends that its status as a lawfully registered foreign corporation rendered it a Georgia resident for purposes of the attachment statute stipulating, "Attachments may issue against nonresident corporations transacting business within the State under the same rules and

regulations as are prescribed in relation to issuing attachments and garnishments in other cases." Code § 8-108 (Ga. L. 1855-56, pp. 25, 33). We disagree, and the trial court, as against that contention, properly allowed attachment to issue.

Initially we note that a foreign corporation cannot lawfully transact business in Georgia without registering in accordance with Code Ann. § 22-1401, and, if mere registering meant that a corporation thereby became a Georgia resident for Code § 8-108 purposes, then that Code section would be rendered virtually meaningless, as *no* foreign corporation transacting business within Georgia could be a "nonresident" thereunder. Therefore, contrary to appellant's assertion, construction of the two statutes shows that a foreign corporation does not necessarily shed its Code § 8-108 nonresidence by transacting business within Georgia. Furthermore, the fact that a Georgia court may have personal jurisdiction over appellant does not mean it is not subject also to attachment, for Code § 8-108 "was intended to authorize an attachment against a foreign corporation, even though it might be sued here. The property of a foreign corporation, even when it has a place of business here, is always of a movable nature, consisting, generally, of debts due it, and a judgment against it is very difficult of execution, and the intent of the statute was to authorize an attachment even in cases where there was an agent here to be served." *Wilson v. Danforth,* 47 Ga. 676, 680 (1873). See also *South Carolina R. Co. v. Peoples Saving Institution,* 64 Ga. 18 (1879).

Appellant argues that *Wilson* and *South Carolina R. Co.,* supra, are inapposite and the interpretation of Code § 8-108 must differ because of a slight change made in the wording of Ga. L. 1855-1856, pp. 25, 33, when it was codified as Code § 8-108 in the 1933 Georgia Code.[1] This argument must fail. "In *Lamar v. McLaren,* 107 Ga. 591, 599 (34 SE 116) [1899], it was said: 'Unless the contrary

---

[1] As originally enacted, Ga. L. 1855-1856, pp. 25, 33, read, "Attachments may issue against incorporations not

manifestly appears from the words employed, the language of a Code section should be understood as intending to state the existing law, and not to change it.' In *Mechanics Bank v. Heard,* 37 Ga. 413 [1867], it was said of the Code of 1863, that it should be kept in mind that the codifiers had no authority to originate new matter for legislative sanction, and that it is incumbent upon any one who asserts that they went beyond their commission to prove such contention. The presumption is that in the mere adoption of the Code no change in the law was intended by the legislature. In the recent case of *Atlanta Coach Co. v. Simmons,* 184 Ga. 1 (190 SE 610) [1937], applying these principles, it was said by Russell, Chief Justice, that if the question of change 'is left in doubt or uncertainty,' 'this fact alone is a conclusive reply to the proposition that a change in the law was effectuated.' " *Rogers v. Carmichael,* 184 Ga. 496, 504 (192 SE2d 39) (1937). Cf. *Maddox v. First Nat. Bank,* 191 Ga. 106 (11 SE2d 662) (1940). Moreover, the codifiers of the 1933 Code said, at p. xv of the explanatory note to the Code, "it should be emphasized that the purpose has been, not to legislate or to change the meaning of the law, but to state it as it is. Where a change in phraseology has been made, the presumption should be that it was not the intention to change the law as it has been construed by the courts."

Next, appellant contends that *Mitchell v. Union Bag & Paper Corp.,* 75 Ga. App. 15 (42 SE2d 137) (1947), demanded summary judgment in its favor. However, *Mitchell* is inapplicable because it was a *domesticated* foreign corporation which there was held to be a Georgia resident not subject to Code § 8-108 attachment. The court in *Mitchell* noted former Code § 22-1601, which vested in domesticated foreign corporations the " 'same powers, privileges, and *Immunities* as similar corporations created under the laws of this State.' " (Emphasis supplied.) Id., p. 19. However, since the enactment of the

---

incorporated by the laws of this State, who are transacting business within this State, under the same rules and regulations as are by the Code prescribed in relation to issuing attachments and garnishments in other cases."

Georgia Business Corporation Code, Ga. L. 1968, p. 565 et seq., foreign corporations are no longer "domesticated"; moreover, Ga. L. 1968, pp. 565, 709 (Code Ann. § 22-1402) grants registered foreign corporations only the same "rights and privileges as a domestic corporation." It follows, therefore, that Code Ann. § 22-1402 cannot be said to indicate that immunity from attachment now exists for registered foreign corporations just as it did for domesticated foreign corporations. See also *Roberts v. Lipson,* 231 Ga. 142 (200 SE2d 722) (1973). Finally, Fletcher, Cyclopedia of Corporations, the very treatise cited in *Mitchell* as authority for the holding that the domesticated foreign corporation was immune from attachment, also states that "the contrary rule obtains when a foreign corporation is a mere licensee under statutes permitting it to do business or conduct its operations or own property in a State other than that of its creation." 17 Fletcher, Cyclopedia of Corporations (Perm. Ed.) pp. 57, 58, § 8311. As precedent for the latter rule Fletcher cites *South Carolina Co.,* supra. .

In conclusion, we find meritless appellant's contention that merely by registering to do business in Georgia it became a Georgia resident for Code § 8-108 purposes. The trial court was correct to deny appellant's motion for summary judgment, which asserted that contention.

2. The Supreme Court transferred this case to this court, citing its decisions in *Kitson v. Hawke,* 231 Ga. 157 (200 SE2d 703) (1973), and *Doran v. Home Mart Building Centers,* 233 Ga. 705 (213 SE2d 825) (1975), and implicitly adjudicating, adversely to appellant, the constitutional issues raised.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED APRIL 3, 1978 — DECIDED JUNE 12, 1978.

*John J. Goger, David F. Walbert,* for appellant.
*Troutman, Sanders, Lockerman & Ashmore, John L. Taylor, Jr., William G. McDaniel, Ralph H. Greil, Robert P. Edwards, Jr.,* for appellees.